# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. WEAVER, | ) |
| Movant, | ) ) ) |
| | ) No. 4:15CV437 JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent, | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Joseph A. Weaver's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Upon review of the record, the Court finds the motion is barred by the limitations period and the motion will be dismissed without further proceedings. See 28 U.S.C. § 2255, Rule 4.

On October 22, 2013, movant pled guilty to felon in possession of a firearm. On January 28, 2014, the Court sentenced movant to 110 months' imprisonment. Movant did not appeal.

Under 28 U.S.C. § 2255(f)(1), a movant has one year from the date the judgment becomes final to file a motion to vacate.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. See Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on January 28, 2014. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on February 11, 2015. The instant motion was placed in the prison mail system by movant on March 4, 2015.

Twenty-one days passed between the time the limitations period expired and the filing of the instant motion. Therefore, it is time-barred.

Weaver requests equitable tolling on the basis that he did not know he could obtain relief under § 2255 and that he did not know there was a limitations period for filing the motion. The limitations period may be tolled only if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). Weaver has not shown that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing the motion. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted). As a result, he is not entitled to equitable tolling.

Finally, Weaver has failed to demonstrate that jurists of reason would find it debatable whether the motion is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed separately.

Dated this 23rd day of March, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

2